## LEVI RICH *v.* THE STATE OF OHIO.

In an indictment for stealing bank bills and promissory notes, it is necessary, under the act of 1835, for the punishment of crimes, to aver in the indictment that the accused knew that the papers stolen were bank bills and promissory notes, and to prove such knowledge on the trial.

THIS cause was adjourned from the county of Portage.

Judge WOOD stated the case, and delivered the opinion of the court:

The plaintiff was indicted, tried, and convicted of *grand larceny*, at the February term, 1837, and sentenced to imprisonment for *three years*, in the penitentiary. The indictment avers, in substance, that certain *bank notes, and divers promissory notes*, the property of Jared Jennings and James Haggart, of the value of two hundred and sixteen dollars, the plaintiff in error did feloniously take, steal, and carry away, *then and there knowing them to be such.*

The indictment is drawn on section 19 of the act for the punishment of crimes, passed on March 7, 1835. 33 Ohio Stat. 36. The enactment is this: " That if any person shall steal, or maliciously and feloniously destroy any bank bill, or bills, or promissory note, or notes" "of the value of thirty-five dollars, or upward, *knowing them to be such*, any such person shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be imprisoned in the penitentiary, at hard labor, not more than *seven* years, nor less than *one* year."

*On the trial, a bill of exceptions was taken by the counsel	[112

for the plaintiff in error, from which it appears the court charged the jury that the words "*knowing them to be such,*" in said section, referred to the malicious and felonious destruction, *and not to the larceny of the bills or notes specified. In this instruction to the jury* it is contended the common pleas *erred.* This is the principal question raised on the record, and the only one we shall consider. The rule is, that statutes must be construed according to the intention of the law-making power. If practicable, that intention must be gathered from the words employed, or used in the act, and not *aliunde.* These words are, " that if any person shall steal, *or* maliciously and feloniously destroy," etc. "*knowing them to be such,*" etc. The crimes specified are *two;* they are in the alternative, but we know of no rule of law which would exclude the *scienter* from the *one,* and fix it upon the other, any more than the punishment which is prescribed. It appears to us clearly, from the words of the act, that no such construction can be sustained as within the meaning of the legislature. But leaving the *words* of the act, is there any substantial reason which can be given why stealing a note, *without knowledge of its character,* should be *criminal,* and *feloniously destroying such note without such knowledge,* innocent? The pleader, who drew this indictment, thought differently, and has averred the *scienter;* and we entertain the opinion that proof of it, on the trial, *was required to convict the accused.*

The case of Gatewood *v.* Ohio, 4 Ohio, 386, may properly be considered as decisive of the question. Gatewood was indicted on section 19 of the act of 1824, for the punishment of crimes, 22 Ohio Stat. 161, for stealing *bank bills.* On conviction, he sued out his writ of error and took the objection, that the *indictment contained no averment that he knew the bills stolen to be bank bills,* and the judgment was reversed.

The *two* sections of the *different acts* are substantially, and so far as the present question is concerned, *precisely similar.* In re-enacting section 19 of the act of 1824, with the construction put upon it by this court in 1831, in the *same words,* it is reasonable to suppose the general assembly intended the *scienter* of the accused as a *necsssary ingredient* to constitute the crime, in a charge for stealing bank bills, or notes.

The judgment is reversed, the prisoner remanded, and a *venire facias de novo* awarded.